UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD GOLDMAN,

                Plaintiff,

-against-

ELI WEISMAN, ROY REVIVO, QUALITY ART AUCTIONS, INC., and NOAH WEISMAN,

                Defendants.

23-CV-7052 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Before the Court is Defendants Eli Weisman, Roy Revivo, Quality Art Auctions, Inc., and Noah Weisman's (collectively, "Defendants") motion to dismiss this action for, among other reasons, Plaintiff Todd Goldman's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion is GRANTED.

    The Complaint in this action was filed on August 10, 2023. ECF No. 1. On October 24, 2023, Plaintiff requested the issuance of summonses for Defendant Eli Weisman and Defendant Quality Art Auctions. ECF Nos. 3, 4. Plaintiff did not request summonses for the remaining defendants at that time. The Court issued electronic summonses for Defendants Eli Weisman and Quality Art Actions on October 25, 2023. ECF Nos. 6, 7.

    On December 7, 2023, the Court ordered Plaintiff to show cause by December 8, 2023 as to why Plaintiff failed to serve the summons and Complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or, if Plaintiff believed that Defendants have been served, to state when and in what manner such service was made. ECF No. 8. The Court also warned Plaintiff that it would dismiss the case if Plaintiff failed to show good cause for why service was not completed within 90 days. *Id.* Counsel for Plaintiff responded to the Court's order to show cause on December 11, 2023, three days after the deadline, stating that though he

had served all named Defendants, he had not "heard from" Defendants and thus requested "an additional two weeks for a process server to be utilized to verify receipt" of service. ECF No. 9. Counsel's statement that he served all Defendants is manifestly false considering that, as of the date of the letter, he did not request the issuance of summons for half of the Defendants. Nonetheless, on December 12, 2023, the Court extended Plaintiff's deadline to file proof of service of the summons and Complaint by December 22, 2023. *See* ECF No. 10.

On December 14, 2023, Plaintiff requested the issuance of summonses for Defendant Noah Weisman and Defendant Roy Revivo. ECF Nos. 11, 12. The Court issued electronic summonses for those Defendants on December 15, 2023. ECF Nos. 13, 14. Plaintiff did not file proof of service with the Court by the December 22, 2023 deadline.

On December 28, 2024, the Court, *sua sponte*, extended Plaintiff's deadline to file proof of service of the summons and Complaint to January 3, 2024. ECF No. 15. Again, the Court warned Plaintiff that if he did not timely file proof of service, the Court may dismiss the case. *Id.*

On January 3, 2024, counsel for Plaintiff filed a letter addressed to Judge Edgardo Ramos stating that (1) he had served all named Defendants on October 25, 2023; (2) following his December 11, 2023 letter to the Court, "my law office has both mailed and sent with a California process server the aforementioned documents to the named Defendants in the State of California;" and (3) he needed additional time for "the California process server to report and verify receipt of the aforementioned documents." ECF No. 16. Counsel's statement that he served all named Defendants on October 25, 2023 is, again, false as evidenced by the fact that the Court did not issue electronic summonses for two of the Defendants until December 15, 2023. Nonetheless, the Court gave Plaintiff until January 10, 2024 to file proof of service of the summons and Complaint. ECF No. 17.

2

On January 10, 2024, Plaintiff filed an Affidavit of Service with the Court. ECF No. 18. The document indicates that the process server served Defendants both in person and by mail on January 10, 2024. *Id.* This date conflicts with counsel for Plaintiff's prior letters, which each state that Defendants were served on October 25, 2023. Further, counsel's January 3, 2024 letter states that counsel needed additional time to "verify receipt" of service from the California process server. This suggests that service had already been completed. Yet, the Affidavit of Service indicates that service was not completed until January 10, 2024, 153 days after Plaintiff filed the Complaint.

Given the discrepancies and evident falsehoods in counsel's representations, on January 12, 2024, the Court ordered counsel for Plaintiff to file a letter by January 12, 2024 explaining his conduct. ECF No. 19. Unsurprisingly, counsel for Plaintiff failed to file a letter by the deadline. On January 16, 2024, the Court gave counsel for Plaintiff another opportunity to file a letter with the Court by January 18, 2024, this time to explain (1) why counsel failed to comply with the Court's Order at ECF No. 19 and (2) the discrepancies between his prior representations to the Court and the information provided in the Affidavit of Service filed on January 10, 2024. ECF No. 20. The Court warned counsel for Plaintiff that if the Court did not receive a communication from Plaintiff by January 18, 2024, it would dismiss the case. *Id.*

That same day, counsel for Plaintiff filed a letter in response to the Court's January 16, 2024 Order. ECF No. 21. The letter repeats verbatim the same misrepresentations stated in counsel's January 3, 2024 letter and contains no meaningful explanation for the discrepancies in counsel's statements and actions.

On February 5, 2024, Defendants filed a letter with the Court proposing the following briefing schedule for Defendants' forthcoming motion to dismiss: Defendants' opening brief due by February 27, 2024, Plaintiff's opposition due by March 12, 2024, and Defendants' reply due

by March 20, 2024. ECF No. 24. Counsel for Plaintiff consented to the proposed schedule, ECF No. 31-1, which the Court approved on February 6, 2024, ECF No. 25. Defendants filed the instant motion to dismiss on February 27, 2024, ECF No. 26. However, Plaintiff never filed an opposition.

On June 27, 2024, Plaintiff filed a letter-motion requesting an extension of time to respond to Defendants' motion to dismiss based on good cause shown. ECF No. 28. The letter states that "any delay or failure to timely respond to the pending [sic] is not an attempt to unreasonably delay litigation, and instead, is the result of reasonable law office failure, as my office has recently underwent [sic] a physical relocation and has experienced technical difficulties during our change . . . ." *Id.* at 1. According to the letter, counsel's "recent" relocation occurred in May 2023—more than a year prior to the filing of this letter. *Id*. In other words, according to counsel, he was unable to file an opposition to Defendants' motion to dismiss by the March 12, 2024 deadline he consented to because his law office relocated in May 2023. Needless to say, the Court is unmoved by this excuse, and it clearly fails to demonstrate good cause.

Regardless, the Complaint in this action must be dismissed because Plaintiff failed to serve the summons and Complaint on Defendants within the 90-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure and Plaintiff lacks good cause for failing to do so. Accordingly, the Court DISMISSES this action without prejudice. The Clerk of Court is directed to close the case.

Dated: September 17, 2024
       New York, New York

                                        SO ORDERED.

                                        *Jessica Clarke*
                                        _____
                                        JESSICA G. L. CLARKE
                                        United States District Judge